## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| ATWATER PARTNERS OF TEXAS LLC, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:10-cv-175-TJW |
| | § | |
| AT&T, INC., *et al.*, | § | |
|     Defendants. | § | |
| | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

**I.    Introduction**

Pending before the Court is Defendant Adtran, Inc's ("Adtran") motion to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Dkt. No. 39). On May 27, 2010, Atwater Partners of Texas, LLC ("Atwater") filed this lawsuit against Adtran and twenty-four other defendants for patent infringement. (Dkt. No. 1.) Atwater asserts five patents in this lawsuit: U.S. Patent Nos. 6,490,296 ('296 Patent), 7,158,523 ('523 Patent), 7,310,310 ('310 Patent), and 7,349,401 ('401 Patent) (collectively the "Patents-in-Suit"). (*Id.*) In Adtran's Rule 12(b)(6) motion, it argues that Atwater fails to plead facts sufficient support direct infringement and also indirect infringement.

**II.    Analysis**

    **A.    Applicable Law Regarding Motions to Dismiss**

By written motion, a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Motions to dismiss are purely procedural questions to which the Federal Circuit applies the law of the regional circuit. *CoreBrace LLC v. Star Seismic LLC*, 566 F.3d 1069, 1072 (Fed. Cir. 2009). In the Fifth Circuit,

motions to dismiss under Rule 12(b)(6) are viewed with disfavor and rarely granted. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009); *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997).

When reviewing a motion to dismiss, courts look only to the allegations in the complaint to determine whether they are sufficient to survive dismissal. *See Jones v. Bock*, 549 U.S. 199, 215 (2007). Rule 8(a) requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has held that a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, but the pleader's obligation to state the grounds of entitlement to relief requires "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Supreme Court has additionally pronounced two guiding principles in determining whether a complaint can survive a motion to dismiss. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Second, a complaint must state a plausible claim in order to survive a motion to dismiss. *Id.* This second determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). The Federal Circuit has noted, however, that *Bell Atlantic* did not drastically change the pleading requirements of Rule 8(a) in patent infringement cases. *See McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 n.4 (Fed. Cir. 2007).

## B. Atwater's Complaint Sufficiently Pleads Direct Infringement

Adtran argues that Atwater has failed to sufficiently plead facts to state a claim of direct infringement because Atwater only "identifies one exemplar Adtran product that is allegedly implicated" and "[a]t a minimum for its direct infringement claims, Atwater should have identified all products implicated and which claims are allegedly infringed." (Adtran's Motion, Dkt. No. 39, at 6-7.) In addition, Adtran argues that the complaint must identify which claims are allegedly infringed from among the 154 total claims in the Patents-in-Suit. (*Id*.) For the following reasons, Adtran's argument is without merit.

The pleading requirements set forth in *Twombly* and *Iqbal* do not require a patentee to identify specific products or services by name in the complaint. *Phoenix Licensing, L.L.C. v. Allstate Corp.*, No. 2:09-cv-255-TJW, Dkt. No. 234, at *3 (E.D. Tex. Mar. 10, 2011) (Ward, J.). *See also Bedrock Computer Techs., LLC v. Softlayer Techs., Inc.*, No. 6:09-cv-269, Dkt. No. 189, at *6 (E.D. Tex. Mar. 29, 2010) (Davis, J.) ("The Court does not require in a complaint the specificity that P.R. 3-1 requires, as that would go far beyond Rule 8's and Form 18's requirements . . . ."). To illustrate, the Federal Circuit has observed, post-*Twombly*, that a complaint for patent infringement is sufficient if it includes the elements in Federal Rule of Civil Procedure Form 18's sample pleading for patent infringement. *See McZeal*, 501 F.3d at 1356-57 (describing the elements of Form 16, which is now Form 18, and explaining how the plaintiff's complaint included those elements). A patent infringement complaint that pleads at least the facts in Form 18 must be sufficient to state a claim under Rule 8(a) because to hold otherwise would render Federal Rule of Civil Procedure 84 a nullity. *See* Fed. R. Civ. P. 84. ("The forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate.").[1]

---

[1] *See also Bedrock,* No. 6:09-cv-269, Dkt. No. 189, at 4 ("The Supreme Court's decisions in

Form 18 provides as follows:

> 1. (Statement of Jurisdiction--See Form 7.)
> 2. On *date*, United States Letters Patent No. _____ were issued to the plaintiff for an invention in an *electric motor*. The plaintiff owned the patent throughout the period of the defendant's infringing acts and still owns the patent.
> 3. The defendant has infringed and is still infringing the Letters Patent by making, selling, and using *electric motors* that embody the patented invention, and the defendant will continue to do so unless enjoined by this court.
> 4. The plaintiff has complied with the statutory requirement of placing a notice of the Letters Patent on all *electric motors* it manufactures and sells and has given the defendant written notice of the infringement.
> Therefore, the plaintiff demands:
> (a) a preliminary and final injunction against the continuing infringement;
> (b) an accounting for damages; and
> (c) interest and costs.

Fed. R. Civ. P. Form 18 (2007) (emphasis in original).

As one may easily observe from Form 18, the form only states generically that the defendant's "*electric motors* . . . embody the patented invention." *Id.* The form does not name any specific models of the electric motors of the defendant, so naming a specific product is not required. In addition, the form does not assert any specific claims of the patent.

With respect to Adtran, a relevant and exemplar portion of the plaintiff's forty-six page complaint states as follows:

> Infringements by ADTRAN include, without limitation, making, using, offering for sale, and/or selling within the United States, and/or importing into the United States, at least ADTRAN's Total Access 5000 ADSL2+ COMBO 24-Port Access Module, infringing one or more claims of the '296 Patent.

(Complaint, Dkt. No. 1, ¶ 32.) As illustrated, the complaint actually names one example infringing product. By naming at least one product, the complaint pleads more than what is required under the law. Additionally, as noted above, there is no requirement that the complaint

---

*Twombly* and *Iqbal* have not affected the adequacy of complying with Form 18. To hold otherwise would render Rule 84 and Form 18 invalid.") (citing *Twombly*, 550 U.S. at 569 n.14; *McZeal*, 501 F.3d at 1360).

specify which specific claims the plaintiff is asserting—despite Adtran's statements otherwise. Hence, the Court DENIES Adtran's Rule 12(b)(6) motion to dismiss on this ground.

### C. Atwater's Complaint Sufficiently Pleads Indirect Infringement

Adtran also states that Atwater's complaint does not sufficiently plead indirect infringement because it does not indicate the identity of the requisite third-party direct infringers and the requisite mental states. (Dkt. No. 39, at 7.) But "neither the patent infringement pleading form nor the holdings from the Federal Circuit require the pleading of each individual element of a claim for indirect infringement." *Fotomedia Techs., LLC v. AOL, LLC*, No. 2:07-cv-255, 2008 WL 4135906, at *2 (E.D. Tex., Aug. 29, 2008). *See also Tune Hunter Inc. v. Samsung Telecommunications Am., LLC*, No. 2:09-cv-148-TJW, Dkt. No. 130, at *5-7 (E.D. Tex. Apr. 10, 2010). Therefore, the Court also DENIES Adtran's Rule 12(b)(6) motion to dismiss on this ground.

### D. Adtran's Policy Arguments

Adtran makes two policy arguments throughout its Rule 12(b)(6) motion to dismiss, and the Court rejects these arguments. First, Adtran pleas that because Atwater does not specify exactly which claims it is asserting and *all* the allegedly infringing products, "Adtran is faced with the enormous task of investigating the validity and infringement (both direct and indirect) of each of the 154 claims in the five asserted patents, and its infringement investigation must encompass not just the one product mentioned in Atwater's Complaint, but every other product it makes, uses, sells, offers for sale, and/or imports." (Dkt. No. 39, at 4.) Adtran believes this investigation would be incredibly costly and would unnecessary if the plaintiff would only provide more facts in its pleading. But this policy argument is misleading as Adtran will not have to undertake such an investigation. Instead, as Adtran knows (or should know), in every patent infringement case in

5

this district, Local Patent Rule 3-1 requires disclosure of asserted claims and infringement contentions "[n]ot later than 10 days before the Initial Case Management Conference," which occurs even before discovery officially begins. In those disclosures, among other information, the party asserting patent infringement must provide the following information:

> **(a)** Each claim of each patent in suit that is allegedly infringed by each opposing party;
>
> **(b)** Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible. Each product, device, and apparatus must be identified by name or model number, if known. Each method or process must be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;
>
> **(c)** A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function . . . .

P.R. 3-1. Adtran's argument is simply not true, that is, Adtran will not have to undertake the investigation it worries of because Local Patent Rule 3-1 already requires the plaintiff to give Adtran that information.[2] Therefore, the Court rejects Adtran's argument.

Second, the Court rejects Adtran's argument that assuming Atwater has in good faith complied with the pre-filing investigation requirements of Federal Rule of Civil Procedure 11, then Atwater has available the information Adtran requests and therefore Atwater should include that information in its pleading. Although this Court has mentioned Rule 11 in connection with

---

[2] The Court understands that Adtran will have to potentially answer before the plaintiff serves its 3-1 disclosures. Adtran acknowledges this in its brief. (*See* Dkt No. 88, at 2.) Based on this Court's experience, however, Adtran will still not have to undertake such an investigation to answer because it will likely answer that it "lacks knowledge or information sufficient to form a belief as to the truth of the allegations." (*See* Dkt. No. 186 (showing another defendant in this case answering similarly).)

Rule 12(b)(6) motions in the past, this Court has never held or implied that merely because a party presumably has certain information via its pre-filing investigation that it should be required to include that information in its pleading. Rule 8(a) requires only a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a) does not state a complaint must contain all relevant and material information that the party possesses by virtue of its pre-filing investigation that is required by Rule 11.

Furthermore, the Court observes that Rule 11 cuts both ways, that is, it is also a violation of Rule 11 to file a frivolous motion. *See* Fed. R. Civ. P. 11(b). This includes a frivolous Rule 12(b)(6) motion to dismiss for failure to state a claim. As described above, not much is required to satisfy the pleading standards for patent infringement under Federal Circuit caselaw and Federal Rule of Civil Procedure Form 18. Nevertheless, based on this Court's judicial experience, Rule 12(b)(6) motions are seemingly filed as a matter of course in patent infringement lawsuits in this Court. *C.f. Prompt Medical Sys., L.P. v. Allscriptsmisys Healthcare Sol., Inc.*, No. 6:10-cv-71, Dkt. No. 246, at *2 (E.D. Tex. Feb. 11, 2011) (Davis J.) ("The Court strongly encourages the parties to try this case on the merits and not unnecessarily burden the Court with technical issues that lack practical substance."). In every motion a party files with the Court, the party and attorney are certifying (1) that the motion "is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation" and (2) "the claims, defenses, and other legal conclusions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b). The Court finds it appropriate, given the questionable arguments in Adtran's motion and Adtran's heavy reliance on Rule 11, to remind and caution the parties that Rule 11 cuts both ways and that Rule 11 also applies to frivolous motions. The Court holds, however, that

Adtran's current motion does not warrant Rule 11 sanctions.

## III. Conclusion

For the reasons stated above, Defendants' motions to dismiss is DENIED.

It is so ORDERED.

SIGNED this 18th day of March, 2011.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE